**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**JAMES FULGHAM, # 150358**                                       **PETITIONER**

**vs.**                          **CIVIL ACTION NO.: 3:12cv20-A-A**

**STATE OF MISSISSIPPI, et al.**                              **RESPONDENTS**

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the pro se petition of James Fulgham, Mississippi prisoner # 150358, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondents have moved to dismiss the petition as time-barred pursuant to § 2244 (doc. entry no. 6), and Petitioner has failed to respond to the motion. The matter is now ripe for resolution. For the reasons set forth below, Respondents' motion is granted, and the instant petition will be dismissed with prejudice.

**Facts and Procedural History**

On June 25, 2009, Petitioner was convicted of sexual battery (Count I) and touching a child for lustful purpose (Count II) in the Circuit Court of Webster County, Mississippi. He was sentenced to serve a term of imprisonment of twenty years on Count I and ten years on Count II in the custody of the Mississippi Department of Corrections, with the sentences to run concurrently. (R. Mot. to Dismiss, Ex. A). He appealed the convictions and sentences to the Mississippi Supreme Court, which assigned the matter to the Mississippi Court of Appeals. The appellate court affirmed Petitioner's convictions and sentences on October 26, 2010. *See Fulgham v. State*, 46 So.3d at 396 (Miss.App. 2010) (Cause No. 2009-KA-01171-COA). Petitioner did not file a motion for rehearing from that decision, nor did he seek a writ of certiorari to the Mississippi Supreme Court.

On April 26, 2011, Petitioner signed an "Application for Leave to Proceed in the Trial Court," seeking permission to proceed on a motion for post-conviction relief. (R. Mot. to Dismiss, Ex. C). On June 15, 2011, the Mississippi Supreme Court denied the application. (*See id.*, Ex. D). Subsequently, Petitioner filed the instant petition on or about February 15, 2012. (*See* doc. entry no. 1). Respondents moved to dismiss the instant petition on June 12, 2012, arguing that the petition is untimely under 28 U.S.C. § 2244(d). Petitioner has not responded to the motion.

## Legal Standard

The instant petition for writ of habeas corpus is subject to the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). The issue of whether Respondents' motion should be granted turns on the statue's limitation period, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U. S. C. § 2244(d)(1). The statute provides for tolling of the federal limitations period while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2). Courts may equitably toll the limitations period in "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

## Discussion

A state judgment generally becomes final "upon denial of certiorari by the Supreme Court or expiration of the time" to seek it. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). When a petitioner fails to seek discretionary review in State court, however, he "stops the appeal process." *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). In such cases, the conviction becomes final when "the time for seeking [direct] review" in state court expires. *Id.*; *see also* 28 U.S.C. § 2244(d)(1)(A). In this case, Petitioner did not seek discretionary review by filing a petition for rehearing with the Mississippi Supreme Court. As such, his conviction became final when the time expired for him to seek such review, which was fourteen days after his convictions were affirmed. *See* Miss. R. App. P. 40. Therefore, Petitioner's convictions became final on November 9, 2010 (October 26, 2010 plus 14 days). Absent statutory or equitable tolling, the instant petition for federal habeas relief was due on or before November 9, 2011, to be deemed timely.

Petitioner is entitled to tolling during the pendency of his "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). Accordingly, the AEDPA limitations period was tolled for the fifty days that Petitioner's post-conviction application was pending in State court (April 26, 2011 to June 15, 2011). (*See* R. Mot. to Dismiss, Ex. C and D). Therefore, the petition was due on or before December 29, 2011 (November 9, 2011 plus 50 days). Petitioner's federal habeas petition was "filed" sometime

between the postage date of February 15, 2012 and February 21, 2012, the date it was stamped "filed" in this Court. *See Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999) (holding that the "mailbox rule" deems a pro se prisoner's petition filed on the date it is delivered to prison officials for mailing). Petitioner makes no argument, and the Court does not find, that further statutory tolling is warranted in this matter.

Because Petitioner's habeas petition was filed beyond the expiration of the AEDPA deadline of December 29, 2011, federal habeas relief is only available to Petitioner if he can demonstrate that his case involves "rare and exceptional circumstances" that would warrant an equitable tolling of the limitations period. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted). Petitioner makes no argument that he is entitled to equitable tolling of the limitations period, and the Court finds no rare and exceptional circumstances in this case that would warrant it.

Therefore, the Court **GRANTS** Respondents' "Motion to Dismiss Pursuant to § 2244(d)" and **DISMISSES** with prejudice the petition filed in this cause. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, this Court must issue or deny a certificate of appealability at the time it enters a final order against Petitioner. For the reasons set forth in this opinion, the Court further **ORDERS** that a certificate of appealability be denied, as Petitioner failed to show his petition timely and to make "a substantial showing of the denial of a federal right." 28 U.S.C. § 2253(c)(2).

**SO ORDERED** this the 30th day of July, 2012.

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**